1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    KENNETH C. CHAPMAN,                    No.  2:13-cv-1107 JAM CKD P

12              Plaintiff,

13         v.                                 ORDER

14    McDONALD, et al.,

15              Defendants.

16

17         Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C.

18    § 1983 (ECF No. 9) and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. §

19    1915  (ECF Nos. 7, 8).  This proceeding was referred to this court by Local Rule 302 pursuant to

20    28 U.S.C. § 636(b)(1).

21         Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §

22    1915(a).  (See ECF No. 10.)  Accordingly, the request to proceed in forma pauperis will be

23    granted.

24         Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

25    1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the

26    initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.

27    Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding

28    month's income credited to plaintiff's prison trust account.  These payments will be forwarded by

                                                1

1    the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

2    exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

3           The court is required to screen complaints brought by prisoners seeking relief against a

4    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

5    court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

6    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

7    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

8           A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

9    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

10   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

11   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

12   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

13   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

14   Cir. 1989); Franklin, 745 F.2d at 1227.

15          In order to avoid dismissal for failure to state a claim a complaint must contain more than

16   "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

17   of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,

18   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

19   statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim

20   upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A

21   claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

22   the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct.

23   at 1949.  When considering whether a complaint states a claim upon which relief can be granted,

24   the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007),

25   and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416

26   U.S. 232, 236 (1974).

27          The court finds the allegations in plaintiff's complaint so vague and conclusory that it fails

28   to state a claim upon which relief can be granted.  Although the Federal Rules of Civil Procedure

1   adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the

2   claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir.

3   1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants

4   engaged in that support plaintiff's claim.  Id.

5          Another flaw of the complaint is that it attempts to bring numerous unrelated claims in a

6   single action.  Fed. R. Civ. P. 18(a) provides: "A party asserting a claim to relief as an original

7   claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as

8   alternate claims, as many claims, legal, equitable, or maritime as the party has against an

9   opposing party."  "Thus multiple claims against a single party are fine, but Claim A against

10  Defendant 1 should not be joined with unrelated Claim B against Defendant 2."  George v. Smith,

11  507 F.3d 605, 607 (7th Cir. 2007).  "Unrelated claims against different defendants belong in

12  different suits[.]"  Id.

13         For the foregoing reasons, plaintiff's complaint must be dismissed.  The court will,

14  however, grant leave to file an amended complaint.

15         If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

16  complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v.

17  Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how

18  each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there

19  is some affirmative link or connection between a defendant's actions and the claimed deprivation.

20  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980);

21  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

22  allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of

23  Regents, 673 F.2d 266, 268 (9th Cir. 1982).

24         In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

25  make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

26  complaint be complete in itself without reference to any prior pleading.  This is because, as a

27  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

28  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

3

1   longer serves any function in the case.  Therefore, in an amended complaint, as in an original

2   complaint, each claim and the involvement of each defendant must be sufficiently alleged.

3          In accordance with the above, IT IS HEREBY ORDERED that:

4          1.  Plaintiff's request for leave to proceed in forma pauperis (ECF Nos. 7, 8) is granted.

5          2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All fees

6   shall be collected and paid in accordance with this court's order to the Director of the California

7   Department of Corrections and Rehabilitation filed concurrently herewith.

8          3.  Plaintiff's complaint is dismissed.

9          4.  Plaintiff is granted thirty days from the date of service of this order to file an amended

10  complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil

11  Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number

12  assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and

13  two copies of the amended complaint; failure to file an amended complaint in accordance with

14  this order will result in a recommendation that this action be dismissed.

15  Dated:  July 1, 2013

16  _____

17  CAROLYN K. DELANEY
    UNITED STATES MAGISTRATE JUDGE

18

19

20

21  2 / chap1107.14.new

22

23

24

25

26

27

28

4