IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH C. CHAPMAN,

    Plaintiff,                      No. 2:13-cv-1107 JAM CKD P

   vs.

McDONALD, et al.,                  FINDINGS & RECOMMENDATIONS

    Defendants.

_____/

        Plaintiff is a state prisoner, proceeding pro se and in forma pauperis, who seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff's original complaint was dismissed for failure to state a claim, and plaintiff was granted leave to amend. (ECF No. 17.) Before the court is plaintiff's First Amended Complaint ("FAC"), filed July 29, 2013. (ECF No. 20.)

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

/////

1

Here, the court finds that the FAC fails to cure the defects of the original complaint. Plaintiff makes vague and conclusory allegations that prison officials negligently lost or destroyed his personal property. Even if plaintiff's allegations were more specific, a negligent deprivation of property by a state employee does not constitute a violation of federal due process if the state provides a meaningful post-deprivation remedy for the loss. See Hudson v. Palmer, 468 U.S. 517, 533 (1984). The California Legislature has provided a remedy for tort claims against public officials in the California Government Code, §§ 900, et seq.. Because plaintiff has an adequate state law remedy for being negligently deprived of his property, he fails to state a §1983 claim on this basis. Furthermore, plaintiff's allegations that defendants violated state laws and/or departmental policies are not cognizable under §1983.

Because plaintiff has failed to a state a claim under §1983, and the court concludes that another round of amendment would be futile, the court will recommend dismissal of this action. See Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1298 (9th Cir. 1998) (court need not grant leave to amend if amendment would be futile).

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. The First Amended Complaint (ECF No. 20) be dismissed; and

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate

////
////
////
////
////

2

1  Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections
2  within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v.</u>
3  <u>Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
4   Dated: August 26, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8  2 / chap1107.fac